**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4694**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSEPH CURTIS HUBMAN,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:22-cr-00024-1)

───────────────

Submitted:  March 6, 2024                        Decided:  April 10, 2024

───────────────

Before WYNN and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Rhett H. Johnson, Assistant Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Lesley S. Shamblin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Curtis Hubman pled guilty to possession of child pornography involving prepubescent minors, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The district court calculated Hubman's advisory imprisonment range under the U.S. Sentencing Guidelines Manual (2018) at 78 to 97 months and, after imposing an upward variance, sentenced Hubman to 120 months' imprisonment.     Hubman challenges the substantive reasonableness of this sentence on appeal. We affirm.

"We review the reasonableness of a [criminal] sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (cleaned up). "[A] sentence outside the Guidelines carries no presumption of unreasonableness." *Irizarry v. United States*, 553 U.S. 708, 714 (2008).

In reviewing the substantive reasonableness of a sentence,[*] "we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Abed*, 3 F.4th 104, 119 (4th Cir. 2021) (cleaned up). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Nance*, 957 F.3d at 215 (internal

---

[*] We have confirmed after review of the record that the sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019).

quotation marks omitted).  "[E]ven though we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence."  *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (cleaned up).  Rather, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Abed*, 3 F.4th at 119 (internal quotation marks omitted).

Hubman argues that his prison term is substantively unreasonable because the district court placed undue weight on the vast size of the collection of child pornography he possessed and the fact that he made and possessed a video of his son and overlooked other relevant factors like his criminal history score of zero and his age.  Although the district court sentenced Hubman to a prison term 23 months above the top end of the Guidelines range, we conclude that the imposition of this term was not an abuse of discretion under the totality of the circumstances.  The record reflects that the district court considered Hubman's request for a below-Guidelines prison term and weighed it against the serious nature of his offense conduct in possessing an extensive collection of child pornography across multiple devices, his fixation on his pornography, and the needs for the sentence imposed to reflect the serious nature of his conduct and to afford adequate deterrence, *see* 18 U.S.C. § 3553(a)(1), (2)(A)-(B).  Although "reasonable jurists could perhaps have balanced those competing factors differently and arrived at a different result, we cannot conclude that this is one of the rare cases where the sentence imposed by the district court was substantively unreasonable in light of the § 3553(a) factors."  *Abed*, 3 F.4th at 119 (cleaned up).

3

We thus affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*